# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00265-KDB

| | |
|---|---|
| ALBERT CHANCELLOR COSTNER,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI , Acting Commissioner of Social Security,[1]<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Albert Chancellor Costner's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 17). Mr. Costner, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On May 30, 2016, Plaintiff applied for benefits under Titles II and XVI of the Social Security Act, alleging that he had been disabled since May 1, 2016. (*See* Tr. 17). Plaintiff's application was denied both on its first review and upon reconsideration. (*See id*.). After conducting a hearing on June 7, 2018, Administrative Law Judge Paul Goodson ("ALJ") denied Plaintiff's application in a decision dated September 28, 2018. (Tr. 17-27). On August 13, 2020, the Honorable Robert J. Conrad remanded this case for further proceedings because the ALJ failed to provide persuasive, specific, and valid reasons for giving less than substantial weight to an NCDHHS disability decision. (Tr. 652-654).

Upon remand, a second administrative hearing was held on March 2, 2021. (Tr. 592). A second unfavorable ALJ decision was issued on March 16, 2021. (Tr. 606). The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. Mr. Costner has timely requested judicial review under 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine whether Mr. Costner was disabled under the law during the relevant period.[2] At step one, the ALJ found that Mr. Costner had not engaged in

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

substantial gainful activity ("SGA") since his alleged onset date; and at step two that he had the following medically determinable and severe impairments: multiple sclerosis, cognitive changes because of multiple sclerosis, and ankylosing spondylitis (20 C.F.R. 404.1520(c) and 416.920(c)). (*See* Tr. 595). The ALJ also evaluated Plaintiff's alleged visual impairment. The ALJ found that the alleged visual impairment "improved with treatment" and that his "best-corrected vision was 20/40 OD and 20/40 OS." Plaintiff therefore did not have a severe visual impairment. *Id*. At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ then determined that Mr. Costner had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work (lift and carry 10 pounds occasionally and stand and/or walk 2 hours, as defined in 20 CFR 404.1567(a) and 416.967(a)), except he is limited to frequent climbing of ramps and occasional climbing of stairs; he should not climb ladders, ropes or scaffolds; he can frequently stoop; he can occasionally balance, kneel, and crouch; he should not be exposed to more than occasional extreme heat; he should not have exposure to hazards; he should not drive or operate dangerous machinery; he is limited to unskilled work in 2-hour segments; he can communicate in brief, simple exchanges.

(Tr. 596).

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a packager (DOT 920.587-018; medium, SVP 2) and broaching machine operator (DOT 605.682-014; medium, SVP 4; but performed at SVP 2). (Tr. 604). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given his age (42), high school education, work experience, and RFC — could perform, including as a document preparer (DOT 249.587-018; 60,000 jobs nationally); addressing clerk (DOT 209.587-010; 20,000

3

jobs nationally); and order clerk (DOT 209.567-014; 18,000 jobs nationally). (*See* Tr. 605). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from May 1, 2016 through the date of his decision. (*See* Tr. 605-606).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

4

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises three challenges to the ALJ's decision, arguing that: (1) the ALJ's decision is constitutionally defective, (2) the ALJ improperly discounted the opinion of Dr. Jeffrey, and (3) the ALJ did not build an accurate and logical bridge to explain how he concluded Plaintiff could do sedentary work. (Doc. No. 16). As discussed below, the Court finds that none of these arguments warrant a remand of the ALJ's decision.

The Court first finds that the Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" under a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Yet Plaintiff offers no evidence to show that there is a nexus

between the unconstitutional removal restriction and the denial of his application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

As for the Plaintiff's second argument, the Court finds that the ALJ did not err when he discounted the opinion of Plaintiff's treating physician, Dr. Jeffrey. The ALJ should generally give the opinion of a claimant's treating physician the most weight. *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)). Yet an ALJ is solely responsible for assessing a claimant's RFC and is not bound by treating physician disability opinions in the face of other record evidence. *See Russell v. Barnhart*, 58 Fed. Appx. 25, 28-30, 2003 WL 257494, at **3-4 (4th Cir. Feb. 7, 2003) (upholding ALJ's rejection of treating physician opinion on basis that it was "unsupported by the treatment records"); *see also Hunter*, 993 F.2d at 35 (holding that a treating physician's opinion need not be afforded controlling weight).

In 2017, Dr. Jeffrey found that Plaintiff's symptoms would constantly interfere with his attention and concentration. Dr. Jeffrey opined Plaintiff would not be able to remember work procedures, that he was incapable of even low stress jobs, and that he could not walk one city block without resting. Thus, Dr. Jeffrey found Plaintiff was 100% disabled. (Tr. 602-603). However, on review, the ALJ concluded that "Dr. Jeffrey's records show that the claimant has experienced some weakness and difficulty with gait," but that treatment allowed Plaintiff to be full strength for lengthy periods of time. (Tr. 601). To support this disagreement with Dr. Jeffrey, the ALJ carefully reviewed Dr. Jeffrey's opinion and thoroughly discussed his basis for discounting it.

The ALJ observed that Dr. Jeffrey remarked in 2016 that Plaintiff's sensory examination was intact to touch and temperature in both upper and lower extremities, but subjectively Plaintiff reported numbness in his hands. (Tr. 600). Moreover, a physical examination given by Dr. Jeffrey in 2016 indicated Plaintiff was in no apparent distress with stable vital signs and had normal cognition. (Tr. 356).

In a follow-up visit to Dr. Jeffery in 2017, Plaintiff stated that he did not have any difficulty with new numbness or weakness. (Tr. 600). Plaintiff also stated he had no relapses since he started taking the drug Tysabri, which the ALJ noted as significant. *Id.*

The ALJ observed that at his February 2018 visit Plaintiff reported to Dr. Jeffrey that he had discontinued Ritalin because his energy level had significantly improved. (Tr. 601). He also reported significant improvement in the strength of his lower extremities. *Id.* Additionally, in his 2020 visit to Dr. Jeffrey, Plaintiff reported no new symptoms. (Tr. 601). During this visit Dr. Jeffrey found cognition was still intact, attention and affect were normal, and naming, repetitions, and commands were intact (Tr. 1160).

In sum, the ALJ found Dr. Jeffrey's opinion contradicted the objective medical evidence, stating that it was "grossly out of proportion with Dr. Jeffrey's own medical records, which show improvement with treatment and long periods without flares." (Tr. 603). Considering this careful review of the evidence accompanied with a narrative discussion of his reasoning, there is substantial evidence to support the ALJ's decision to discount Dr. Jeffrey's opinion of 100% disability, which is his right as the sole judge of Plaintiff's RFC. Therefore, there is no reversible error.

Lastly, the Court finds that there is substantial evidence to support the ALJ's conclusion that Plaintiff can do sedentary work. (Tr. 596, Finding 5). The ALJ primarily rested his conclusion

that Plaintiff could do sedentary work on: (1) the objective medical examinations and (2) Plaintiff's own testimony.

First, the ALJ discussed the objective medical evidence. The ALJ observed that at the time of Plaintiff's alleged onset date, Plaintiff's gait was slightly wide-based, and he had mild problems with tandem gait, but sensation, motor, and coordination were normal. (Tr. 599). In March 2018, Plaintiff complained of "mild to moderate" back pain. (Tr. 598). The ALJ remarked it was odd that it was noted that Plaintiff's joint pain was exacerbated by activity, but there was no mention of activity causing the pain. *Id*. In June 2018, Dr. Brown observed that the Plaintiff had a slow and shuffling gait and severely decreased range of motion in the lower spine, but, as the ALJ noted, Plaintiff did not exhibit any lumbar tenderness. *Id*. In March 2019 all of Plaintiff's 76 joints were non-tender and non-swollen with no point tenderness in the spine. *Id*. At that time, Plaintiff reported that the drug Celebrex had been beneficial for management of his musculoskeletal symptoms related to ankylosing spondylitis and his morning stiffness lasted less than one hour. *Id.* In March 2020, Plaintiff reported no peripheral joint pain or swelling, and he classified the pain in his back and hips as mild to moderate and intermittent. (Tr. 598).

The ALJ also gave the State Agency medical consultant Dr. Cohen's opinion "some weight" in formulating the RFC. (Tr. 602). Dr. Cohen stated that Plaintiff could lift 20 pounds sometimes and 10 pounds often. (Tr. 498). He also determined that Plaintiff had the ability to stand, walk, or sit for 6 hours in an 8-hour day. *Id*. He opined Plaintiff should avoid ladders because of mild imbalance but otherwise most postural activities could be often performed (Tr. 499). Dr. Cohen also commented that Dr. Jeffrey's opinion was "overly restrictive given [Mr. Costner's] relatively mild objective findings." (Tr. 496). As noted above, the ALJ thoroughly discussed Dr. Jeffrey's opinion. (Tr. 599-602).

Second, the ALJ also found that Plaintiff's own testimony indicated that his symptoms were mild. (Tr. 599). Plaintiff testified he was able to go to the store with a grocery list provided by his parents and could use foot pedals for exercise 20 minutes at a time. (Tr. 602). Plaintiff stated that he left his last job because it was a contract job, not because of his disability. The ALJ noted Plaintiff also alleged having problems with walking up and down stairs and memory while at this job. (Tr. 597). Plaintiff admitted in March 2018 to sitting about 7 hours a day watching television or playing games on his telephone. (Tr. 598). The ALJ observed that this contrasted with Plaintiff's testimony before the ALJ in 2018 that he stopped playing video games years ago. *Id*. The ALJ found that his comments generally demonstrated an ability to sit without much limitation. *Id*. Further, Plaintiff testified that he uses an unprescribed cane only 2 to 3 times per month. (Tr. 597, 599).

As noted above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). Again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but only whether there is substantial evidence to support the ALJ's ruling. The substantial evidence standard assumes a zone of choice within which the ALJ can go either way, without interference by the courts. A decision is not subject to reversal just because substantial evidence would have supported a contrary decision. *See Dunn v. Colvin*, 607 Fed. Appx. 264, 274 (4th Cir. 2015).

The Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

9

Case 3:21-cv-00265-KDB   Document 20   Filed 04/14/22   Page 9 of 10

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: April 14, 2022

Kenneth D. Bell
United States District Judge